UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : | Master File No. 08 Civ. 11117 (TPG) |
| This Document Relates to: THE INSURANCE ACTION, 09 Civ. 557 (TPG), and specifically to: | : | |
| CAYMAN NATIONAL TRUST COMPANY, LTD., AS TRUSTEE OF THE INTERNATIONAL DAD TRUST, | : | 11 Civ. 1687 (TPG) |
| Plaintiff, | : | ECF CASE Electronically Filed |
| - against - | : | |
| TREMONT OPPORTUNITY FUND III, L.P., et al., | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**TREMONT'S MOTION FOR PARTIAL RECONSIDERATION**

Seth M. Schwartz
Jason C. Vigna
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
Tremont Partners, Inc.,
Tremont Group Holdings, Inc. and
Rye Investment Management

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

ARGUMENT ..................................................................................................................1

THE COURT SHOULD GRANT TREMONT'S MOTION FOR RECONSIDERATION...........1

A. The Complaint Does Not Adequately Allege a Fiduciary Relationship.................1

B. Rule 9(b) of the Federal Rules of Civil Procedure Applies to Claims Alleging a Violation of Section 33A.(2) of the Texas Securities Act .....................5

CONCLUSION...............................................................................................................7

# TABLE OF AUTHORITIES

Cases | Page

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ... 3

Bagby v. Rydex Investments,
No. 3:06-CV-0648-G, 2007 WL 507042 (N.D. Tex. Feb. 16, 2007) ... 5, 6

Billitteri v. Securities America, Inc.,
No. 09-CV-1568-F, 2010 WL 6785484 (N.D. Tex. July 26, 2010) ... 5, 6

Cotten v. Weatherford Bancshares, Inc.,
187 S.W.3d 687 (Tex. App. 2006) ... 5

DeBlasio v. Merrill Lynch & Co.,
07 Civ. 318, 2009 WL 2242605 (S.D.N.Y. July 27, 2009) ... 2

Dorsey v. Portfolio Equities, Inc.,
540 F.3d 333 (5th Cir. 2008) ... 6

Goldstein v. Securities & Exchange Commission,
451 F.3d 873 (D.C. Cir. 2006) ... 2

Kassover v. UBS AG,
619 F. Supp. 2d 28 (S.D.N.Y. 2008) ... 3

Meyer v. Cathey,
167 S.W.3d 327 (Tex. 2005) ... 4, 5

Schlumberger Technology Corp. v. Swanson,
959 S.W.2d 171 (Tex. 1997) ... 4

Shrader v. CSX Transportation, Inc.,
70 F.3d 255 (2d Cir. 1995) ... 1

Stephanz v. Laird,
846 S.W.2d 895 (Tex. App. 1993) ... 3, 4

Western Reserve Life Assurance Co. of Ohio v. Graben,
233 S.W.3d 360 (Tex. App. 2007) ... 2

Willis v. Donnelly,
199 S.W.3d 262 (Tex. 2006) ... 4

Statutes and Rules

Tex. Rev. Civ. Stat. Ann. art. 581-4F (West 2010) ....................6

Tex. Rev. Civ. Stat. Ann. art. 581-33A.(2) (West 2010) ....................5

Fed. R. Civ. P. 8 ....................5

Fed. R. Civ. P. 9(b) ....................5, 6

S. & E.D.N.Y. Local Civ. R. 6.3 ....................1

Pursuant to Rule 6.3 of the Local Civil Rules of this Court, defendants Tremont Partners, Inc., Tremont Group Holdings, Inc. and Rye Investment Management (together, the "Tremont Defendants" or "Tremont") respectfully request partial reconsideration of the opinion of this Court dated May 23, 2013 (the "Opinion," ECF No. 56) to the extent it denied Tremont's motion to dismiss the claims of breach of fiduciary duty and violation of the Texas Securities Act ("Motion," ECF No. 42) alleged in plaintiff's Second Amended Complaint (the "Complaint," ECF No. 40).

## ARGUMENT

### THE COURT SHOULD GRANT TREMONT'S MOTION FOR RECONSIDERATION

Motions for reconsideration should be granted where the moving party "point[s] to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). As shown below, partial reconsideration is appropriate here.

#### A. The Complaint Does Not Adequately Allege a Fiduciary Relationship

In the Opinion, this Court held that the Complaint adequately alleges the existence of a fiduciary relationship, finding that the Trust has alleged facts sufficient to show that Tremont acted as the Trust's investment advisor. As explained by the Court:

> [T]he complaint alleges that Tremont representatives met with representatives of the Trust and represented to them that Tremont was a "fund of funds" and that *Tremont would, in its discretion, select the best investments for the Trust's assets* on the basis of Tremont's exceptional industry expertise and due diligence. This, in short, is precisely the role of an investment advisor – a fiduciary under Texas law.

(Opinion at 9 (emphasis added).)

In fact, the Complaint does not allege any representation by Tremont that it would exercise its discretion to select the best investments for the Trust. (See generally Compl.) Rather, the Complaint alleges: (a) Tremont represented that in the ordinary course of its business as

investment advisor to various funds of funds (the "Funds"),[1] Tremont conducted extensive due diligence on the asset managers selected to manage the Funds' assets, and (b) the Trust relied on those representations in deciding to direct its insurance carrier to invest in the Funds. (See Compl. ¶¶ 12-17.) The Complaint does *not* allege any representation by Tremont that it would select asset managers or allocate Fund assets based on the needs of the Trust. The Complaint also alleges no relationship between the Trust and Tremont apart from discussions concerning the Trust's potential indirect investment in the Funds. Consequently, to the extent the fiduciary relationship alleged by the Trust is based on the theory that Tremont acted as the Trust's investment advisor, the Complaint alleges no facts sufficient to support that theory.

To be sure, the Complaint contains the conclusory allegation that Tremont "act[ed] as Plaintiff's financial adviser[.]" (Compl. ¶ 24.) But this is, at best, a legal conclusion unsupported by sufficient allegations of *fact*, such as an allegation that Tremont agreed to make investment recommendations to the Trust based on its assessment of the Trust's financial position and committed to place the Trust's interests above its own. Cf. Western Reserve Life Assurance Co. of Ohio v. Graben, 233 S.W.3d 360, 367-68 (Tex. App. 2007). Consequently, the bald assertion that Tremont acted as the Trust's financial advisor is insufficient to establish a fiduciary relationship between the Trust and Tremont. See DeBlasio v. Merrill Lynch & Co., 07 Civ. 318, 2009 WL 2242605, at *28-29 (S.D.N.Y. July 27, 2009) (dismissing breach of fiduciary claim

---

1 Tremont served as investment adviser to the Funds, not the limited partners of the Funds. A "'client of an investment adviser typically is provided with individualized advice that is based on the client's financial situation and investment objectives. In contrast, the investment adviser of an investment company need not consider the individualized needs of the company's shareholders when making investment decisions, and thus has no obligation to ensure that each security purchased for the company's portfolio is an appropriate investment for each shareholder.'" Goldstein v. S.E.C., 451 F.3d 873, 880 (D.C. Cir. 2006) (citation omitted). Thus, "when 'an adviser to an investment pool manages assets of the pool on the basis of the investment objectives of the participants as a group, it appears appropriate to view the pool – rather than each participant – as a client of the adviser.'" Id. (citation omitted).

premised on conclusory allegation that defendants "held themselves out as financial advisors to Plaintiffs"); see also Kassover v. UBS AG, 619 F. Supp. 2d 28, 33 (S.D.N.Y. 2008) (allegation that UBS financial advisers "recommended Plaintiffs invest in [securities was] insufficient to infer an investment advisory agreement in the context of a non-discretionary brokerage account"); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007))).

In the final analysis, in attempting to show a fiduciary relationship, the only "facts" alleged in the Complaint are the assertions that the Trust relied on Tremont's representations concerning the Funds. But such allegations are insufficient because, as a matter of controlling Texas law, "the mere fact that one subjectively trusts another does not, alone, indicate that he placed confidence in another in the sense demanded by a fiduciary relationship[.]" Stephanz v. Laird, 846 S.W.2d 895, 901-02 (Tex. App. 1993) (cited in Opinion at 9; Tremont's Reply Br. (ECF No. 52) at 3). As explained by the court in Stephanz:

> A fiduciary relationship exists when the parties are under a duty to act for or give advice for the benefit of another upon matters within the scope of the relationship. It exists where a special confidence is placed in another who, in equity and good conscience, is bound to act in good faith and with due regard to the interest of the one placing confidence.
>
> * * *
>
> [A] fiduciary relationship *is an extraordinary one* and will not be lightly created; *the mere fact that one subjectively trusts another does not, alone, indicate that he placed confidence in another in the sense demanded by a fiduciary relationship*, because *something apart from the transaction between the parties is required*. . . . The relationship need not be formal; however, absent the demonstration of a formal fiduciary relationship, the evidence must show that the dealings between the parties continued for such a time that one party is justified in relying on the other to act in his best interest.

Stephanz, 846 S.W.2d at 901-02 (emphases added).

The ruling in Stephanz is consistent with Texas Supreme Court precedent establishing a "reluctance to recognize fiduciary relationships, especially in the commercial context." Willis v. Donnelly, 199 S.W.3d 262, 278 (Tex. 2006). These cases hold that a confidential relationship imposing fiduciary duties cannot be established in a business context absent a showing that the parties had a prior relationship of trust and confidence predating the transaction in question – here, investments in the Funds. See, e.g., Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 177 (Tex. 1997), overruled in part on other grounds by Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am., 341 S.W.3d 323 (Tex. 2011). In the words of the Texas Supreme Court, "'[t]o impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.'" Meyer v. Cathey, 167 S.W.3d 327, 331 (Tex. 2005) (per curiam) (citation omitted). (See also Tremont Reply Br. at 3 ("'something apart from the transaction between the parties is required'" (quoting Stephanz, 846 S.W.2d at 902)).)

In this case, in the Opinion, the Court focused on an alleged formal fiduciary relationship, *i.e.*, that of investment advisor (Tremont) and purported client (the Trust), but as shown above, the Complaint does not sufficiently allege one. And while informal fiduciary duties also may arise in the context of a business transaction, see Stephanz, 846 S.W.2d at 902, the Complaint is similarly devoid of facts in this category too. For example, the Complaint alleges no agreement, undertaking or representation by Tremont to act on behalf, or in the best interests, of the Trust in connection with any matter or transaction. In the same vein, it alleges no longstanding relationship of trust and confidence between the Trust and Tremont that predated the Fund investments at issue in this action. Rather, at most, the Complaint alleges that the Trust directed its insurance carrier, Scottish Annuity and Life, to invest in the Funds in 2005 and 2006 in

reliance on representations made by Tremont regarding its management of the Funds. These representations allegedly were made by Tremont during one meeting in 2004 and at an unspecified number of subsequent meetings held "at least annually" in 2005 and 2006. (Compl. ¶¶ 12-15.) These allegations are insufficient to plead the existence of a fiduciary relationship as a matter of Texas law. See Meyer, 167 S.W.3d at 331 (finding as matter of law regular communications over four years insufficient to create fiduciary relationship; "[t]he fact [plaintiff] trusted [defendant] does not transform their business arrangement into a fiduciary relationship"); Cotten v. Weatherford Bancshares, Inc., 187 S.W.3d 687, 698-99 (Tex. App. 2006) (indirect investor not owed fiduciary duties).

Because the Complaint fails to allege facts sufficient to show a fiduciary relationship under Texas law, upon reconsideration of the controlling authorities discussed above, the breach of fiduciary claim asserted in the Complaint's Second Cause of Action should be dismissed.

### B. Rule 9(b) of the Federal Rules of Civil Procedure Applies to Claims Alleging a Violation of Section 33A.(2) of the Texas Securities Act

The Opinion sustains the sufficiency of the Trust's claim under Section 33A.(2) of the Texas Securities Act ("TSA"), Tex. Rev. Civ. Stat. Ann. art. 581-33A.(2) (West 2010), holding that it satisfies Rule 8 of the Federal Rules of Civil Procedure. (Opinion at 10-12.) In that connection, the Court rejected Tremont's position that the claim is subject to the particularity requirements of Rule 9(b) and distinguished a Rule 9(b) case cited by Tremont, Bagby v. Rydex Investments, No. 3:06-CV-0648-G, 2007 WL 507042 (N.D. Tex. Feb. 16, 2007), finding that Bagby addressed a claim arising under Section 33F of the TSA, but not Section 33A, the section at issue here. (See Opinion at 11.) While the Bagby court did address the sufficiency of an aiding and abetting claim under Section 33F, it also ruled that a primary violation of Section 33A, *i.e.*, a person's failure to disclose a material fact, is one of the elements of an aiding and abetting claim.

See Bagby, 2007 WL 507042, at *3. As to that element, the court applied Rule 9(b) and found the complaint defective for failure to allege the underlying primary violation of Section 33A with the requisite specificity. See id. at *4.

Other courts squarely addressing this issue also have concluded that Rule 9(b) applies to Section 33A claims. See, e.g., Billitteri v. Sec. Am., Inc., No. 09-CV-1568-F, 2010 WL 6785484 (N.D. Tex. July 26, 2010). In Billitteri, a case previously cited by Tremont in its reply brief (at 7) but apparently overlooked by this Court, the court reviewed the text of the TSA and cases construing it to decide whether claims under Section 33A.(2) are subject to Rule 9(b). See Billitteri, 2010 WL 6785484, at *4-6. In answering that question in the affirmative, the court relied in part on a prior decision of the Fifth Circuit Court of Appeals applying Rule 9(b) to assess the sufficiency Section 33A.(2) claims. See Billitteri, 2010 WL 6785484, at *4-5 (discussing Dorsey v. Portfolio Equities, Inc., 540 F.3d 333 (5th Cir. 2008)). It also relied on the language of the TSA itself, which defines "fraud" as "includ[ing] any misrepresentations, in any manner, of a relevant fact[.]" Tex. Rev. Civ. Stat. Ann. art. 581-4F (West 2010); see also Billitteri, 2010 WL 6785484, at *5 & n.6.

In opposing Tremont's Motion, the Trust cited no authority to the contrary. Rather, it cited the Fifth Circuit's decision in Dorsey for the proposition that scienter is not an element of a claim under Section 33A.(2) of the TSA. (See Pls.' Mem. in Opp'n to the Tremont Defs.' Mots. To Dismiss the Second Am. Compl. (ECF No. 49) at 25.) As the Billitteri court noted, however, the Fifth Circuit in Dorsey applied Rule 9(b) in assessing the adequacy of a Section 33A.(2) claim despite the absence of a scienter requirement. See Billitteri, 2010 WL 6785484, at *4-5; see also Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338-39, 343-44 (5th Cir. 2008). As these cases establish, the absence of that requirement does not render Rule 9(b) inapplicable to a Section 33A.(2) claim. See Billitteri, 2010 WL 6785484, at *4-5.

In this case, the Trust's TSA claim is premised on "fraud" as that term is defined in the TSA. (See, e.g., Compl. ¶ 22 (alleging Tremont made "misrepresentations and omissions in the sale of securities to Plaintiffs").) Consequently, under the foregoing authorities, Rule 9(b) applies to that claim, and the Trust's failure to comply with the rule warrants dismissal of the claim as alleged in the Complaint's First Cause of Action.

**CONCLUSION**

For the reasons stated, Tremont respectfully submits that the Court should grant Tremont's motion for reconsideration and, upon reconsideration, enter an order dismissing the First and Second Causes of Action in the Complaint as against Tremont.

Dated: June 6, 2013
New York, New York

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Seth M. Schwartz

Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
Tremont Partners, Inc.,
Tremont Group Holdings, Inc. and
Rye Investment Management