UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No. 08 Civ. 11117 (TPG) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| This Document Relates to: | |
| INSURANCE ACTION, 09 Civ. 557 (TPG), and specifically to: | |
| CAYMAN NATIONAL TRUST COMPANY, LTD., AS TRUSTEE OF THE INTERNATIONAL DAD TRUST, | 11 Civ. 1687 (TPG) |
| Plaintiff, | ECF CASE Electronically Filed |
| - against - | |
| TREMONT OPPORTUNITY FUND III, L.P., et al., | **ANSWER AND AFFIRMATIVE DEFENSES OF TREMONT GROUP HOLDINGS, INC.,** |
| Defendants. | **TREMONT PARTNERS, INC. AND <u>RYE INVESTMENT MANAGEMENT</u>** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Tremont Group Holdings, Inc., Tremont Partners, Inc. and Rye Investment Management (collectively, the "Tremont Defendants"), through their undersigned counsel, for their answer to the Second Amended Complaint in this action (the "Complaint"), state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Admit the allegations of paragraph 2 of the Complaint.

3. Admit the allegations of paragraph 3 of the Complaint.

4. Deny the allegations of paragraph 4 of the Complaint, except admit the allegations of the first and second sentences of that paragraph and admit that Tremont Partners,

Inc. is a subsidiary of Tremont Group Holdings, Inc. and serves as the general partner of Tremont Opportunity Fund III, L.P. and Tremont International Insurance Fund, L.P.

5. Deny the allegations of paragraph 5 of the Complaint, except admit the allegations of the first and second sentences of that paragraph.

6. Deny the allegations of paragraph 6 of the Complaint, except admit the allegations of the first and second sentences of that paragraph and admit that Tremont Group Holdings, Inc. is the parent company of Tremont Partners, Inc.

7. Admit the allegations of paragraph 7 of the Complaint.

8. Admit the allegations of paragraph 8 of the Complaint.

9. Deny the allegations of paragraph 9 of the Complaint, except admit this Court has personal jurisdiction over the Tremont Defendants.

10. Admit the allegations of paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Deny the allegations of paragraph 12 of the Complaint.

13. Deny the allegations of paragraph 13 of the Complaint.

14. Deny the allegations of paragraph 14 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, fourth and fifth sentences of that paragraph.

15. Deny the allegations of paragraph 15 of the Complaint and respectfully refer the Court to the written materials referenced to therein for the true and complete contents thereof.

16. Deny the allegations of paragraph 16 of the Complaint and respectfully refer the Court to the written materials referenced to therein for the true and complete contents thereof.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Deny the allegations of paragraph 18 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the third and fourth sentences of that paragraph.

19. Deny the allegations of paragraph 19 of the Complaint.

20. Deny the allegations of paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, the Tremont Defendants repeat and incorporate by reference the foregoing paragraphs of this Answer as if fully set forth herein.

22. Deny the allegations of paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, the Tremont Defendants repeat and incorporate by reference the foregoing paragraphs of this Answer as if fully set forth herein.

24. Deny the allegations of paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, the Tremont Defendants repeat and incorporate by reference the foregoing paragraphs of this Answer as if fully set forth herein.

26. Deny the allegations of paragraph 26 of the Complaint.

27. Deny the allegations of paragraph 27 of the Complaint.

28. Deny the allegations of paragraph 28 of the Complaint.

29. Deny the allegations of paragraph 29 of the Complaint.

30. Deny the allegations of paragraph 30 of the Complaint and state that they are conclusions of law to which no response is required.

31. In response to paragraph 31 of the Complaint, the Tremont Defendants repeat and incorporate by reference the foregoing paragraphs of this Answer as if fully set forth herein.

32. Deny the allegations of paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more of the causes of action alleged in the Complaint is barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

One or more of the causes of action alleged in the Complaint is barred under the doctrine of quasi-estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the derivative claim alleged in the Second Cause of Action of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

One or more of the causes of action alleged in the Complaint is barred in whole or in part by plaintiff's own comparative fault or contributory negligence.

### PRAYER FOR RELIEF

WHEREFORE, the Tremont Defendants demand judgment:

A. Dismissing the Complaint as against the Tremont Defendants with prejudice;

B. Awarding the Tremont Defendants costs and expenses incurred in this action, including reasonable attorneys' fees; and

C. Granting such other and further relief as this Court may deem just and proper.

Dated: June 6, 2013
New York, New York

/s/ Seth M. Schwartz
Seth M. Schwartz
Seth.Schwartz@Skadden.com
Jason C. Vigna
Jason.Vigna@Skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Defendants*
*Tremont Group Holdings, Inc.,*
*Tremont Partners, Inc. and*
*Rye Investment Management*