UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master Docket No. 08 Civ. 11117 (TPG) |
| This document relates to:<br><br>THE INSURANCE ACTION, 09 Civ. 557 (TPG), specifically to:<br><br>CAYMAN NATIONAL TRUST COMPANY, LTD., AS TRUSTEE OF THE INTERNATIONAL DAD TRUST,<br><br>　　　　　Plaintiff,<br><br>　　　　　　　-against-<br><br>TREMONT OPPORTUNITY FUND III, L.P., et al.,<br><br>　　　　　Defendants. | 11 Civ. 1687 (TPG)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF TREMONT OPPORTUNITY FUND III, L.P. AND TREMONT INTERNATIONAL INSURANCE FUND, L.P.** |

　　　　Defendants Tremont Opportunity Fund III, L.P. and Tremont International Insurance Fund, L.P. (collectively, the "Funds"), by and through their undersigned attorneys, as and for their answer to the Second Amended Complaint (the "Complaint") filed by Plaintiff, hereby state as follows:

　　　　1.　　The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

　　　　2.　　The Funds admit the allegations contained in Paragraph 2 of the Complaint.

　　　　3.　　The Funds admit the allegations contained in Paragraph 3 of the Complaint.

4. The Funds deny the allegations contained in Paragraph 4 of the Complaint, except admit the allegations contained in the first and second sentences thereof, and admit that Tremont Partners Inc. is a subsidiary of Tremont Group Holdings, Inc. and serves as the general partner of the Funds.

5. The Funds deny the allegations contained in Paragraph 5 of the Complaint, except admit the allegations contained in the first and second sentences thereof.

6. The Funds deny the allegations contained in Paragraph 6 of the Complaint, except admit the allegations contained in the first and second sentences thereof, and admit that Tremont Group Holdings, Inc. is the parent of Tremont Partners, Inc.

7. The Funds admit the allegations contained in Paragraph 7 of the Complaint.

8. The Funds admit the allegations contained in Paragraph 8 of the Complaint.

9. The Funds deny the allegations contained in Paragraph 9 of the Complaint, except admit that this Court has personal jurisdiction over the Funds.

10. The Funds admit the allegations contained in Paragraph 10 of the Complaint.

11. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. The Funds deny the allegations contained in Paragraph 12 of the Complaint.

13. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 13 of the Complaint. The Funds deny the remaining allegations contained in Paragraph 13 and respectfully refer this Court to the documents referenced therein for the complete and accurate contents thereof.

14. The Funds deny the allegations contained in Paragraph 14 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, fourth and fifth sentences thereof.

15. The Funds deny the allegations contained in Paragraph 15 of the Complaint, and respectfully refer this Court to the documents referenced therein for the complete and accurate contents thereof.

16. The Funds deny the allegations contained in Paragraph 16 of the Complaint, and respectfully refer this Court to the documents referenced therein for the complete and accurate contents thereof.

17. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. The Funds deny the allegations contained in first, second and third sentences of Paragraph 18 of the Complaint and respectfully refer this Court to the documents referenced therein for the complete and accurate contents thereof.  The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 18, except admit that Madoff is now incarcerated.  The Funds deny the remaining allegations contained in Paragraph 18.

19. The Funds deny the allegations contained in Paragraph 19 of the Complaint.

20. The Funds deny the allegations contained in Paragraph 20 of the Complaint.

**FIRST CAUSE OF ACTION**
**TEXAS SECURITIES ACT SEC. 581-33A.(2)**

21. The Funds incorporate by reference the responses contained in the prior paragraphs numbered 1 –20 with the same force and effect as if set forth at length herein.

22. The Funds deny the allegations contained in Paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

23. The Funds incorporate by reference the responses contained in the prior paragraphs numbered 1 –22 with the same force and effect as if set forth at length herein.

24. The Funds deny the allegations contained in Paragraph 24 of the Complaint.

## THIRD CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

25. The Funds incorporate by reference the responses contained in the prior paragraphs numbered 1 –24 with the same force and effect as if set forth at length herein.

26. The Funds deny the allegations contained in Paragraph 26 of the Complaint.

27. The Funds deny the allegations contained in Paragraph 27 of the Complaint.

28. The Funds deny the allegations contained in Paragraph 28 of the Complaint.

29. The Funds deny the allegations contained in Paragraph 29 of the Complaint.

30. The Funds deny the allegations contained in Paragraph 30 of the Complaint.

31. The Funds incorporate by reference the responses contained in the prior paragraphs numbered 1 –30 with the same force and effect as if set forth at length herein.

32. The Funds deny the allegations contained in Paragraph 32 of the Complaint.

33. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

One or more of the causes of action alleged in the Complaint is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the derivative claim alleged in the Second Cause of Action of the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Certain of the causes of action alleged in the Complaint are barred, in whole or in part, by Plaintiff's own comparative fault or contributory negligence.

WHEREFORE, the Funds pray for judgment as follows:

    (a)    dismissing the Complaint with prejudice;

    (b)    awarding the Funds their costs and expenses incurred in this litigation, including reasonable attorneys' fees; and

    (c)    awarding the Funds such other and further relief as this Court deems just and proper.

Dated: New York, New York  
        June 14, 2013

                TANNENBAUM HELPERN  
                SYRACUSE & HIRSCHTRITT LLP

                By: /s/ David J. Kanfer  
                    Ralph A. Siciliano  
                    siciliano@thsh.com  
                    Jamie B.W. Stecher  
                    stecher@thsh.com  
                    David J. Kanfer  
                    kanfer@thsh.com  
                    900 Third Avenue  
                    New York, New York 10022  
                    (212) 508-6700

                *Attorneys for Defendants*  
                *Tremont Opportunity Fund III, L.P.*  
                *Tremont International Insurance Fund L.P.*